UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JEFFREY COWAN,<br><br>                            Petitioner,<br>v.<br>JOSIE GASTELO, Warden,<br>                            Respondent. | Case No.: 17cv1994 WQH (BLM)<br><br>**REPORT AND RECOMMENDATION RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

## I.    INTRODUCTION

Petitioner Eric Jeffrey Cowan ("Petitioner" or "Cowan"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Cowan challenges his sentence in San Diego Superior Court case number SCD133703. In 1998 he was convicted of five counts of robbery, one count of conspiracy to commit robbery and one count of attempted robbery. (Am. Pet., ECF No. 5 at 1-2; *see also* Lodgment No. 2, ECF No. 11-2 at 11.)[1] He was sentenced to 140 years to life pursuant to California's Three Strikes law. (*See* Am. Pet., ECF No. 5 at 1; *see also* Lodgment No. 1, ECF No. 11-1 at 1-2.)

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the court's electronic case filing system.

In 2012, California voters passed Proposition 36, California's Three Strikes Reform Act. Cowan sought resentencing pursuant to the new law. In his Amended Petition, he argues the state courts' denial of his request for resentencing violated his rights under the U.S. Constitution. The Court has reviewed the Amended Petition, the Answer and Memorandum of Points and Authorities in Support of the Answer, the Traverse, the lodgments, and all the supporting documents submitted by both parties. For the reasons discussed below, the Court **RECOMMENDS** the Amended Petition be **DENIED**.

## II. STATE COURT PROCEEDINGS

On December 14, 1998, a jury found Cowan guilty of five counts of robbery (Cal. Penal Code § 211). The jury further found true the allegation that Cowan had personally used a firearm (Cal. Penal Code § 12022.53) as to two of the robbery counts. The jury also found Petitioner guilty of one count of conspiracy to commit robbery (Cal. Penal Code §§ 182(a)(1), 211) and one count of attempted robbery (Cal. Penal Code §§ 211, 213(b)). (Lodgment No. 6, ECF No. 11-6 at 59-60; *see also* Lodgment No. 1, ECF No. 11-1 at 1-2.) The trial court further found two prior strike allegations for robbery and attempted robbery to be true. On March 31, 1999, the court sentenced Cowan to 140 years to life in prison. (Lodgment No. 2, ECF No. 11-2 at 18-19; *see also* Lodgment No. 1, ECF No. 11-1 at 1-2.)

Cowan challenged the conviction in state and federal court. (*See* Pet., ECF No. 5 at 2-3, 7.) This Court denied Cowan's federal habeas petition on October 23, 2003. (*See id.* at 7; *see also*, *Cowan v. Garcia*, 02cv2449 DMS (LSP) (ECF No. 15)).

Nine years later, on November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012 ("Act"). "The Act change[d] the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who [was] convicted of any new felony [was] subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime [was] a serious or violent felony or the prosecution ha[d] pled and proved an

2

17cv1994 WQH (BLM)

enumerated disqualifying factor. In all other cases, the recidivist [would] be sentenced as a second strike offender." *People v. Yearwood*, 213 Cal.App.4th 161, 167-68 (Cal. App. 2013).

On August 13, 2014, Cowan filed a petition to have his sentence modified under the Act. (Lodgment No. 2, ECF No. 11-2 at 9-15.) The trial court denied the petition on August 19, 2014, concluding that Petitioner was ineligible for resentencing under the Act because his commitment offenses (robbery, attempted robbery and conspiracy to commit robbery) were either serious or violent felonies. (*Id.* at 17-18.)

Cowan appealed. On January 13, 2015, Cowan's court appointed appellate attorney filed a brief pursuant to *People v. Wende*, 25 Cal. 3d 436 (Cal. 1979). (*See* Lodgment No. 3, ECF No. 11-3.) Under *Wende*, appellate counsel is permitted to file a "no merits" brief when counsel determines that there are no arguable issues to pursue on appeal. *See Wende*, 25 Cal. 3d at 441. In those circumstances, the appellate court independently reviews the record to determine whether any issues exist. *Id.* Cowan filed a supplemental brief on his own behalf, arguing that the denial of his petition for sentence modification violated his equal protection rights. (*See* Lodgment No. 1, ECF No. 11-1 at 4.)

On April 14, 2015, the California Court of Appeal affirmed the trial court's order denying Cowan's petition for sentence modification. The appellate court found Cowan's equal protection claim lacked merit and concluded there were "no reasonably arguable appellate issue[s]." (Lodgment No. 1, ECF No. 11-1 at 4-5.)

On May 26, 2015, Cowan filed a petition for review in the California Supreme Court, again raising his equal protection claim. (*Id.*) On June 30, 2015, the California Supreme Court denied the petition for review without comment or citation. (Lodgment No. 5, ECF No. 11-5.)

/ / /
/ / /
/ / /
/ / /

Cowan filed the instant Amended Petition for writ of habeas corpus in this Court on November 22, 2017.[2] (ECF No. 5.) Respondent filed an Answer and Memorandum of Points and Authorities on June 19, 2018. (ECF No. 10.) On July 19, 2018, Petitioner filed a Traverse. (ECF No. 12.)

## III. SCOPE OF REVIEW

Cowan's Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).

A federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). In order to grant relief under § 2254(d)(2), a federal court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or

---

[2] On September 28, 2017, the United States Court of Appeals for the Ninth Circuit transferred Petitioner's Application for Leave to File Second or Successive Petition to this Court. The appellate court found that Petitioner was not required to seek permission to file his habeas petition in this Court, and directed the Clerk of this Court to file the Application as a Proposed Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 nunc pro tunc to June 15, 2016. (ECF No. 1.) The Petition was dismissed without prejudice on October 3, 2017 for failure to pay the filing fee and use the proper form. (ECF No. 2.) Cowan filed the Amended Petition on November 11, 2017. (ECF No. 5.) He paid the filing fee on April 12, 2018 and the case was reopened. (ECF Nos. 7 & 8.)

if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id*. Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id*. Clearly established federal law, for purposes of § 2254(d), means "the governing

principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

## IV. DISCUSSION

Cowan raises a single claim in his Amended Petition. He argues that the state court's denial of his motion to recall his sentence under California Penal Code section 1170.126 (enacted pursuant to Proposition 36) violated his rights under the Equal Protection Clause of the U.S. Constitution. (Am. Pet., ECF No. 5 at 8.) He contends that because his commitment convictions were for robbery and attempted robbery, and not "rape, murder or child molestation," he should have been eligible for re-sentencing. (*Id.*)

Cowan raised this claim in the California Supreme Court and it was denied without comment or citation. (Lodgment No. 5, ECF No. 11-5.) This Court therefore looks through to the last reasoned opinion to address the claim, that of the California Court of Appeal. *See Ylst*, 501 U.S. at 805-06. The appellate court rejected Cowan's equal protection claim, stating:

> In his supplemental brief, Cowan contends the denial of his petition for sentence modification violated his constitutional right to equal protection because he was never convicted of rape, murder or child molestation and he should not have been treated any differently than other nonviolent three-strike offenders that received relief under the Act. We disagree.
>
> Contrary to Cowan's argument, the Act is not limited to rapists, murders or child molesters. The Act "requires that murderers, rapists, child molesters, and other dangerous criminals serve their full sentences." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) rebuttal to argument against Prop. 36, p. 53, original italics omitted, italics added.) The ballot arguments in favor of the Act repeatedly stressed that dangerous criminals, namely those convicted of a serious or violent felony, would not receive any benefit whatsoever from the proposed amendments to the Three Strikes law. (*People v. Yearwood*, supra, 213 Cal.App.4th at p. 171 [citing ballot pamphlet arguments].)
>
> The Legislature's definition of crimes and imposition of different sentences for crimes of differing severity are subject to rational basis review. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) Here, the

> classification used by section 1170.126 -- inmates who might be eligible for a lighter sentence under the new three strikes law may petition for recall of sentence, but inmates who are categorically ineligible (because of a serious or violent third strike) may not -- is undeniably rational. Cowan does not argue to the contrary and we reject his equal protection argument.

(Lodgment No. 1, ECF No. 11-1 at 4.)

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). "[A] mere demonstration of inequality is not enough: the Constitution does not require identical treatment. There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable [equal protection] claim arises." *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) (italics original). Moreover, unless the alleged discrimination involves a suspect class of persons or a fundamental right, a challenged statute satisfies equal protection if it bears a rational basis to a legitimate governmental interest. *See Romer v. Evans*, 517 U.S. 620, 631 (1996).

Cowan is not a member of a suspect class and resentencing is not a fundamental right. Neither state prisoners nor persons convicted of crimes constitute suspect classes whose equal protection claims require a heightened level of scrutiny. *See United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011). Moreover, resentencing is not a "fundamental right" protected by the U.S. Constitution. *See McDonald v. City of Chicago*, 561 U.S. 742, 764 (2010). Therefore, the "rational relation" test applies in determining the legitimacy of California's statutory resentencing scheme. Under that test, the prisoner, not the state, "bear[s] the burden of establishing a prima facie case of "unequal application." *McQueary*, 924 F.2d at 835.

Here, Cowan has not demonstrated either that he was treated differently from other similarly situated prisoners, or that his alleged unequal treatment was the result of a discriminatory intent. Withholding resentencing eligibility from prisoners whose commitment convictions were for crimes classified as serious or violent offenses serves a legitimate state interest by limiting the possibility that prisoners granted early release would pose "an unreasonable risk of danger to the public." *Yearwood*, 213 Cal. App. 4th at 175-76, 179 ("Enhancing public safety was a key purpose of [Proposition 36].") Moreover, the Supreme Court has repeatedly upheld recidivism statutes in the face of equal protection challenges. *See, e.g., Parke v. Raley*, 506 U.S. 20, 27 (1992). Accordingly, Cowan has not established an equal protection claim.

Finally, to the extent that Petitioner seeks to challenge the state courts' specific determination that he was ineligible for resentencing under Proposition 36, that claim is not cognizable in this case because it turns solely on the interpretation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding mere errors in the application of state law are not cognizable on habeas corpus); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Even if such a claim were cognizable on federal habeas, the Court would be bound by the state court's determination that Petitioner was ineligible for resentencing under California law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

In sum, the state court's denial of Cowan's petition for sentence modification under Proposition 36 was neither contrary to, nor an unreasonable application of, clearly established law. *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 407-08. The Court therefore **RECOMMENDS** Cowan's equal protection claim be **DENIED.**

## V. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United

States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **September 28, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **October 19, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: 8/31/2018

Hon. Barbara L. Major
United States Magistrate Judge